UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CHUBBY GORILLA, INC., a California corporation,

        Plaintiff,

v.

LERMAN CONTAINER CORPORATION, a Florida corporation, D/B/A EBOTTLES.COM,

        Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL

Plaintiff, CHUBBY GORILLA, INC. ("Chubby Gorilla"), sues Defendant, LERMAN CONTAINER CORPORATION, d/b/a EBOTTLES.COM ("Defendant"), and alleges:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Defendant has a regular and established place of business in this judicial district, Defendant regularly does or solicits business, engages in other persistent courses of conduct, and/or devises substantial revenue from goods and services provided to individuals in the State of Florida. Chubby Gorilla is informed and believes, and based thereon, alleges that Defendant has been selling and/or offering for sale infringing products directly to consumers and/or retailers in this district and selling products into the stream of commerce knowing such products would be

-1-

sold in Florida and this district. These acts form a substantial part of the events or omissions giving rise to Chubby Gorilla's claims.

3. Venue is proper in this judicial district for Chubby Gorilla's patent claims under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

4. This Court has subject matter jurisdiction over each of Chubby Gorilla's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district.

## THE PARTIES

6. Chubby Gorilla is a corporation organized and existing under the laws of the State of California, having a principal place of business at 4320 N. Harbor Blvd., Fullerton, CA 92835.

7. Chubby Gorilla is informed and believes and, based thereon, alleges that Lerman Container Corporation is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 4286 W Main St., Jupiter, FL 33458.

## BACKGROUND

8. Chubby Gorilla is one of the nation's leading innovators and manufacturers of premium container and closure technologies. Chubby Gorilla protects its innovative designs with its intellectual property rights.

9. Over the past decade, Chubby Gorilla has introduced packaging solutions that have revolutionized the industry. Its flagship Unicorn® bottles have become a staple in the vaping industry, with over one billion units sold worldwide.

10. Recently, Chubby Gorilla released its Aviator® line of packaging solutions. Chubby Gorilla's Aviator® containers are intended to store and dispense, for example, plant-

wellness products, supplements, and vitamins. Examples of Chubby Gorilla's Aviator® bottles are shown below:



11. On June 6, 2023, the USPTO duly and lawfully issued United States Design Patent No. D988,131 ("D131 Patent" or "Asserted Patent"), titled "Cap." Chubby Gorilla is the owner by assignment of all right, title, and interest in the D131 Patent. A true and correct copy of the D131 Patent is attached hereto as **Exhibit 1**.

12. Defendant has blatantly copied the design of Chubby Gorilla's Aviator® containers, with examples of Defendant's infringing products shown below.





13. Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States products that infringe Chubby Gorilla's Asserted Patent, including products that Defendant has and continues to advertise on its website www.ebottles.com, namely the "Diamond Line" of products, including, for example, the Child Resistant Tamper Evident (CRTE) Diamond Smooth Side Gloss White, the Child Resistant Tamper Evident (CRTE) Smooth Sided Gloss Black enclosed, the PET Diamond Jars (CRTE), and the PET Diamond Pre-roll Tube, (collectively "the Accused products").

14. Infringement of a design patent is determined under the Ordinary Observer Test: "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swissa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Graham Co. v. White*, 81 U.S. 511, 528 (1871)).  Application of the Ordinary Observer Test focuses on the overall appearance of the design, rather than particular elements, and often undertakes a side-by-side visual comparison.

15. This is not the first time Defendant has copied Chubby Gorilla's innovative designs and infringed Chubby Gorilla's intellectual property rights. Chubby Gorilla previously sued

Defendant in the Southern District of Florida for design patent, trademark, and trade dress infringement. The parties settled the litigation with Defendant agreeing to pay an undisclosed amount and agreeing not to market or sell the products accused of infringement.

16. Chubby Gorilla has complied with the notice requirements of 35 U.S.C. § 287(a) by virtually marking the Chubby Gorilla AVIATOR® products and associated the patented products with the D131 Patent on Chubby Gorilla's website (https://chubbygorilla.com/patents). Chubby Gorilla has consistently and continuously provided this constructive notice to the public, including to Defendant.

17. Defendant had actual knowledge of the Asserted Patent. For example, Chubby Gorilla sent Defendant a cease-and-desist letter on December 3, 2025, identifying both the Accused Products and the D131 Patent, a copy of which is attached hereto as **Exhibit 2**. Despite receiving notice of its blatant infringement, Defendant refused to stop its infringing sales of the Accused Products.

18. Thus, Defendant's acts constitute willful and deliberate infringement, entitling Chubby Gorilla to enhanced damages under 35 U.S.C. § 284 and reasonable attorney's fees and costs.

19. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Chubby Gorilla.

20. Defendant's acts complained of herein have caused Chubby Gorilla to suffer actual damages and irreparable injury to its business. Chubby Gorilla will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrong actions complained of here.

**COUNT I: PATENT INFRINGEMENT**
**(Infringement of U.S. Design Patent No. D988,131)**

21.     This is a claim for infringement of the D131 Patent under 35 U.S.C. § 271.

22.     On June 6, 2023, the USPTO duly and lawfully issued the D131 Patent, titled "Cap." Chubby Gorilla is the owner by assignment of all right, title, and interest in the D131 Patent. A true and correct copy of the D131 Patent is attached hereto as **Exhibit 1**.

23.     Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States products that infringe Chubby Gorilla's Asserted Patent, including, for example, products that Defendant has and continues to advertise on its website www.ebottles.com, namely the "Diamond Line" of products, including, for example, the Child Resistant Tamper Evident (CRTE) Diamond Smooth Side Gloss White, the Child Resistant Tamper Evident (CRTE) Smooth Sided Gloss Black enclosed, the PET Diamond Jars (CRTE), and the PET Diamond Pre-roll Tube, (collectively "the Accused products").

24.     Infringement of a design patent is determined under the Ordinary Observer Test: "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swissa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Graham Co. v. White*, 81 U.S. 511, 528 (1871)). Application of the Ordinary Observer Test focuses on the overall appearance of the design, rather than particular elements, and often undertakes a side-by-side visual comparison.

25.     Defendant, through its agents, employees, and/or servants has, and continues to, knowingly, intentionally, and willfully infringe the D131 Patent by making, using, selling, offering for sale, and/or importing products having a design that infringes the D131 Patent. For example, the side-by-side visual comparisons shown below of an exemplary figure from the D131 Patent

and representative examples of the Accused Products establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of each of the Accused Products is substantially the same as the claimed design of the D131 Patent, because the resemblance is such to deceive such an observer inducing him to purchase one supposing it to be the other and, as a result, Defendant infringes the D131 Patent.



| eBottles' "Diamond Line" Products | D131 Patent |
|---|---|



26. Defendant's acts of infringement of the D131 Patent were undertaken without permission or license from Chubby Gorilla. Chubby Gorilla is informed and believes, and based thereon, alleges that Defendant had actual knowledge of Chubby Gorilla's rights in the D131 Patent. For example, Chubby Gorilla sent Defendant a cease-and-desist letter identifying the D131 Patent and the infringement by the Accused Products on December 3, 2025, a copy of which is attached hereto as **Exhibit 2**. In addition, Chubby Gorilla complies with the patent marking requirement, providing constructive notice of the D131 Patent to Defendant.

27. The design of Chubby Gorilla's products are well-known throughout the industry, and Defendant's products are each a nearly identical copy of Chubby Gorilla's patented design. Accordingly, Defendant's actions constitute willful and intentional infringement of the D131 Patent. Defendant infringed the D131 Patent with reckless disregard of Chubby Gorilla's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constitute infringement of the D131 Patent. Defendant's acts of infringement of the D131 Patent were not consistent with the standards of commerce for its industry.

28. As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Chubby Gorilla.

29. Pursuant to 35 U.S.C. § 284, Chubby Gorilla is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

30. Pursuant to 35 U.S.C. § 285, Chubby Gorilla is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

31. Pursuant to 35 U.S.C. § 289, Chubby Gorilla is entitled to Defendant's total profits from Defendant's infringement of the D131 Patent.

32. Due to the aforesaid infringing acts, Chubby Gorilla has suffered great and irreparable injury, for which Chubby Gorilla has no adequate remedy at law.

33. Defendant will continue to infringe Chubby Gorilla's patent rights to the great and irreparable injury of Chubby Gorilla, unless enjoined by this Court.

**WHEREFORE**, Chubby Gorilla prays for judgment against Defendant as follows:

A. That the Court render a final judgment in favor of Chubby Gorilla and against Defendant on this claim of infringement;

B. An Order adjudging Defendant to have infringed the D131 Patent under 35 U.S.C. § 271.

C. An Order adjudging Defendant's patent infringement to be willful;

D. A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, customers, and attorneys, and those persons in active concert or participation with Defendant, from infringing the D131 Patent in violation of 35 U.S.C. § 271, including, for example, through the manufacture, use, sale, offer for sale, and/or importation into the United States of any of the Accused Products or any products that are not colorably different from such products.

E. That Defendant account for all gains, profits, and advantages derived through Defendant's infringement of the D131 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Chubby Gorilla all damages suffered by Chubby Gorilla and/or Defendant's total profit from such infringement pursuant 35 U.S.C. §§ 284 and 289, at Chubby Gorilla's election.

F. An order for trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284.

G. An award to Chubby Gorilla of the attorneys' fees, expenses, and costs incurred by Chubby Gorilla in connection with this action pursuant to 35 U.S.C. § 285.

H. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

I. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chubby Gorilla, Inc. demands a trial by jury of all issues raised by the pleadings which are triable by jury.

Dated: December 22, 2025              By: */s/ Clay M. Carlton*
                                                  Clay M. Carlton
                                                  Fla. Bar No. 85767
                                                  email: clay.carlton@morganlewis.com
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  600 Brickell Ave Ste 1600
                                                  Miami, FL 33131-3075
                                                  Tel:  +1.305.415.3447

                                                  Ali S. Razai (*pro hac vice application forthcoming*)
                                                  email:  ali.razai@morganlewis.com
                                                  Brandon G. Smith (*pro hac vice application forthcoming*)
                                                  email:  brandon.smith@morganlewis.com
                                                  Benjamin B. Anger (*pro hac vice application forthcoming*)
                                                  email: ben.anger@morganlewis.com
                                                  William B. Scoville (*pro hac vice application forthcoming*)
                                                  email: william.scoville@morganlewis.com
                                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                                  600 Anton Blvd, Suite 1800
                                                  Costa Mesa, CA 92626-7623
                                                  Tel:  +1.714.830.0600
                                                  Fax:  +1.714.830.0700

                                                  *Attorneys for Plaintiff, Chubby Gorilla, Inc.*